# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | 1:11-cv-01007 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM UPON |
| v. | ) | WHICH RELIEF COULD BE GRANTED |
| | ) | |
| R. C. GOMEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### A.   Summary of Complaint

Plaintiff is currently housed at the Pleasant Valley State Prison in Coalinga. Plaintiff brings this action against correctional officials at Coalinga, challenging their denial of his requests to correct information in his central file. Specifically, Plaintiff alleges that the information reflects improper enhancements. Plaintiff contends that the abstract of judgment regarding his underlying criminal conviction does not reflect the agreement that he entered in to at his plea hearing.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

## III.   Conclusion and Order

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

1  Here, Plaintiff's central allegation squarely challenges the legality or duration of his custody.
2  Plaintiff alleges that his actual sentence does not reflect what he entered in to in his plea agreement.
3  Plaintiff's challenge, if successful, would implicate the validity of his continued confinement and/or
4  the duration of his sentence. Because the Court finds that this deficiency is not capable of being
5  cured by amendment, the Court HEREBY ORDERS that this action is dismissed without prejudice
6  to the filing of a petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated: **December 2, 2011**           /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE